**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MAGLULA, LTD.,

Plaintiff,

v.

AMAZON.COM, INC. and AMAZON.COM SERVICES, INC.,

Defendants.

Civil Action No. 1:19-cv-01570-LO-IDD

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY**

**TABLE OF CONTENTS**

I. The *Schein* Progeny Is Conclusive ........................................................................... 1
II. The Carve-Out *Does* Apply If the BSA Is Deemed to Govern Here................................. 2
III. Amazon Has Sought A Merits Determination from this Court, Filing a Rule 12(b)(6) Motion Relying on Material Beyond the Pleadings, Thereby Forfeiting Arbitration......... 4

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Archer & White Sales, Inc. v. Henry Schein, Inc.*,
935 F.3d 274 (5th Cir. 2019) ("*Schein II*") .......... 1, 2

*Brenco Entertainm't v. Bitessquad.com, LLC*,
297 F. Supp. 3d 608 (E.D. Va. 2018) .......... 3

*Crawford Drugs, Inc. v. CVS Caremark Corp.*,
748 F.3d 249, 256 (5th Cir. 2014) .......... 2

*Henry Schein, Inc. v. Archer and White Sales, Inc.*,
139 S. Ct. 524 (2019) ("*Schein I*") .......... 1

*Khan v. Parsons Global Servs., Ltd.*,
521 F.3d 421 (D.C. Cir. 2008) .......... 4

**Rules**

Fed. R. Civ. P. 12 .......... *passim*

## I. The *Schein* Progeny Is Conclusive

Amazon relied heavily on *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524 (2019) ("*Schein I*"), which abolished the "wholly groundless" exception to threshold questions of arbitrability. Maglula responded that Amazon had ignored subsequent decisions—including the remand in *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274 (5th Cir. 2019) ("*Schein II*")—which narrowed applicability of *Schein I*. The BSA lacks a clear and unmistakable delegation of arbitrability to the arbitrator when *Schein II* and its progeny are applied.

Amazon's new argument to avoid *Schein II*, however, is the epitome of elevating form over substance. According to Amazon, *Schein II* "is distinguishable because the carve-out in *Schein* followed a different syntax than the one in the BSA . . . . [T]he carve-out in [the *Schein* contract] ***appears in the middle*** of the sentence incorporating AAA rules." (Dkt. 44, at 5 (emphasis added); *see also id*. at 6, 13.) But this is not the only way to draft an effective carve-out, despite Amazon's urging otherwise. In *Schein II*, "the placement of the carve-out" was deemed "dispositive" on those facts—it was *sufficient* that the carve-out there was placed adjacent to the AAA arbitration clause (935 F.3d at 281), but that is not to say such placement is *necessary*. Irrespective of placement relative to the carve-out, a competent drafter can confine the AAA's application to matters that are not expressly excluded from arbitration. That is the case with the BSA. It clearly limits application of the AAA rules to subject matter outside the carve-out (i.e., matters for binding arbitration will be handled "*as described in this paragraph*" and, therefore, "will be conducted by the American Arbitration Association (AAA) under its rules"):

> Amazon and you both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by ***binding arbitration <u>as described in this paragraph</u>, rather than in***

> ***court, <u>except that</u>*** (i) you may assert claims in small claims court that is a Governing court if your claims qualify and (ii) you or we may bring suit in the Governing Courts, submitting to the jurisdiction of the Governing Courts and waiving our respective rights to any other jurisdiction, ***<u>to enjoin infringement or other misuse of intellectual property rights.</u>*** There is no judge or jury in arbitration, and court review of an arbitration award is limited. However, an arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages), and must follow the terms of this Agreement as a court would. To begin an arbitration proceeding, you must send a letter requesting arbitration and describing your claim to our registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, NV 89119. The arbitration will be ***<u>conducted by the American Arbitration Association (AAA) under its rules</u>*** **. . .**

BSA § 18 (emphasis added); *see Schein II*, 935 F.3d at 281 ("The plain language incorporates the AAA rules—and therefore delegates arbitrability—for all disputes *except* those under the carve-out.").

The "syntax" in *Crawford Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 256 (5th Cir. 2014) is not comparable to the BSA: the provision there began with "*Any and all disputes* in connection with or arising out of the Provider agreement by the parties will be *exclusively settled by arbitration before a single arbitrator* in accordance with the Rules of the American Arbitration Association." (Emphasis added.) The court found that this clear prefacing language foreclosed any later exceptions. *Schein II*, 935 F.3d at 280 ("Under the terms of that agreement, the gateway arbitrability question was delegated to the arbitrator."). Similarly, Oracle's carve-out differs from the BSA; in a footnote not cited by Amazon, *Schein II* explained that "the issue with Oracle's carve-out argument was that the two categories of exempted claims by definition were claims arising out of or relating to the Source License, which were explicitly subject to arbitration. No such circularity exists in the [Schein] contract at issue here." *Id*. at 281 n.30.

## II. The Carve-Out *Does* Apply If the BSA Is Deemed to Govern Here

Amazon's new section entitled "The Carve-Out Does Not Apply" (Dkt. 44, at 12), defies its earlier footnote acknowledging that "[t]he arbitration provision includes two carve-outs—one

for claims that could be brought in small claims court *and another* ***for claims*** *'to enjoin infringement or other misuse of intellectual property rights.'* . . . ***Maglula's complaint requests injunctive relief***, it also requests damages and other non-equitable relief." (Dkt. 24, at 10 n.7) (emphasis added).) This admission settles it—Maglula's suit falls outside arbitration (even if the BSA applies, which it does not), because Maglula seeks injunctions to halt Amazon's IP misuse.

Amazon's Reply does a complete about-face, no longer speaking of the carve-out in terms of "***claims*** 'to enjoin infringement,'" (*id*.), now arguing instead that the "carve-out states 'you or we may bring ***suit***,' not 'you or we may bring a claim or claims" (Dkt. 44, at 12.) This position makes no sense—what is a "*suit*" if not composed of an underlying "claim or claims"? Maglula's *suit* consists of *eight* claims directed to intellectual property infringement and other misuse, *each* of which seeks injunctive relief. (*See* Dkt. 1, ¶¶ 92-151 and E-L (requesting injunctions in Prayer for Relief).)

Amazon also expands its argument that the BSA's carve-out "is specific to actions that specifically *only* seek injunctive relief." (Dkt. 44, at 14 (emphasis added).)[1] But this limitation appears nowhere in the BSA. It is not relevant that other forms of relief are sought alongside the injunctions: "[W]here an arbitration clause contains a carve-out for injunctive relief and one party files a complaint seeking both injunctive relief and damages," it simply "does not limit the exclusion to 'actions seeking *only* injunctive relief,'" *Schein II*, 935 F.3d at 282-83. Amazon

[1] With respect to inclusion of other remedies, Amazon cites irrelevant "artful pleading" notions it purportedly finds in *Brenco Entertainm't v. Bitessquad.com, LLC*, 297 F. Supp. 3d 608 (E.D. Va. 2018). (Dkt. 44, at 13.) But Amazon has not responded to Maglula's *four bullet points* already undermining applicability of the case. (*See* Dkt. 40, at 12-13.) Maglula has, in fact, definitively distinguished *Brenco*, raised in skeletal form in Amazon's prior footnote. (Dkt. 24, at 10 n.7.)

cannot rewrite the plain language of the BSA's carve-out provision to lawsuits "*only*" seeking injunctive relief, and its argument to this end should be rejected.[2]

## III. Amazon Has Sought A Merits Determination from this Court, Filing a Rule 12(b)(6) Motion Relying on Material Beyond the Pleadings, Thereby Forfeiting Arbitration

Regarding prejudice in the waiver analysis, Amazon argues that its Rule 12(b)(6) motion to dismiss "is a motion based on the *pleadings*," so "Maglula's decision to insert substantive arguments about the merits was of Maglula's own making and should not be held against Amazon." (Dkt. 44, at 17.) Amazon fails to acknowledge that *it* was the party that loaded its threshold motions with material outside the pleadings—including declarations with representations as to facts under Amazon's control and claiming them to be dispositive of material issues. (*See, e.g.*, Dkt. 21-1, 3.) Amazon has thus availed itself of the federal court's "litigation machinery" in order to seek a ruling on the merits of its patent infringement defense, and this can be deemed a waiver of arbitration. *Khan v. Parsons Global Servs., Ltd*., 521 F.3d 421, 427 (D.C. Cir. 2008). Amazon's only answer to *Khan* is that "the moving party moved for summary judgment." (Dkt. 44, at 20.) Not so. *Khan* made clear that it was, in fact, a Rule 12(b)(6) motion to dismiss filed, that—because it included material beyond the pleadings—created a waiver. *Id*. ("***[W]here, as here, a party moves for summary judgment through a motion including or referring to 'matters outside the pleading[],' see Fed. R. Civ.P. 12(d); see also Fed. R. Civ. P. 12(b)(6)***, that party has made a decision to take advantage of the judicial system and should not be able thereafter to seek compelled arbitration."). Amazon, too, has filed such a motion by virtue of its including declarations and evidence beyond the pleadings.

[2] Amazon comments that the BSA carve-out provides "a vehicle to pursue immediate relief, such as a preliminary injunction." Pursuits of preliminary injunctions in trademark counterfeiting and infringement cases are typically part of broader relief sought in the form of permanent injunctions *and* damages.

Amazon also argues that there is no prejudice in responding to its motions, "especially given that the Court need not consider these motions if it grants in whole or part the [Motion to Compel Arbitration]." (Dkt. 44, at 2 n.2.) Maglula still had to respond. Nowhere did Amazon previously state that its Rule 12(b)(6) Motion to Dismiss was in the alternative to other motions or considered subservient to the disposition of the motion to compel arbitration. Had it filed a single motion seeking alternative forms of relief, there would be little question that Amazon complied with Rule 12(h)(1)(B) (*see* Dkt. 44, at 18). Instead, it was Amazon's strategy to bury small-entity Maglula under three simultaneous motions (far exceeding the page limit for one) requiring responses to overburden and prejudice Maglula, while quickly seeking a disposition on the merits in this Court.

Dated: March 10, 2020

Respectfully submitted,

*/s/ Jeffrey A. Berkowitz*

Jeffrey A. Berkowitz (Virginia Bar No. 65149)
jeffrey.berkowitz@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

Danny M. Awdeh (*pro hac vice*)
danny.awdeh@finnegan.com
David K. Mroz (Virginia Bar No. 94011)
david.mroz@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Morgan E. Smith (*pro hac vice*)
morgan.smith@finnegan.com

**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Plaintiff Maglula, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2020, I electronically filed the foregoing **Plaintiff's Sur-Reply to Defendants' Reply in Support of Their Motion to Compel Arbitration and Dismiss or Stay** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

*/s/ Jeffrey A. Berkowitz*
Jeffrey A. Berkowitz (Virginia Bar No. 65149)
jeffrey.berkowitz@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

*Counsel for Plaintiff Maglula, Ltd.*