IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAGLULA LTD., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:19-cv-01570 |
| v. ) | Hon. Liam O'Grady |
| ) | |
| AMAZON.COM, INC *and* AMAZON.COM ) | |
| SERVICES, INC., ) | |
| ) | |
| *Defendants.* ) | |

## ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. Dkt. 420. The matter was fully briefed in Plaintiff's Response in Opposition (Dkt. 449), Defendants' Reply to Response (Dkt. 465), Plaintiff's surreply (Dkt. 477), and Defendants' reply to the surreply (Dkt. 478-1). In their Motion, Defendants argue that the Court should grant summary judgment in their favor based on Plaintiff's failure to make a *prima facie* case of trademark infringement, trademark counterfeiting, copyright infringement, infringement of "uninspected" products, and vicarious liability.

The Court has studied the pleadings and exhibits and finds that there are genuine issues of material fact in each of the causes of action, and that summary judgment is therefore inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

First, Defendants' arguments that Plaintiff failed to show evidence of trademark infringement, trademark counterfeiting, and copyright infringement are meritless. Plaintiff has alleged sufficient facts and provided sufficient evidence to establish a genuine issue of material fact as to each cause of action.

1

Second, Defendants' argument that Plaintiff "failed to make a *prima facie* factual showing for the thousands of accused products it has swept into this case" is also lacking. Plaintiff does not bear the burden of showing that every single product has been infringed upon on a product-by-product basis; Plaintiff may instead show that a representative sample has been infringed upon to survive the motion for summary judgment. *Microsoft Corp. v. Grey Computer*, 910 F. Supp. 1077, 1084–85 (D. Md. 1995). A jury will determine the weight to be given to such evidence.

Third, Plaintiff has also raised genuine issues of material fact as to whether Defendants have an apparent or actual partnership with the relevant third parties for the purpose of establishing vicarious liability.

The Court, through the summary judgment pleadings and exhibits, now has sufficient information to understand the positions of the parties. This is a straightforward counterfeit case. Simply put, a number of Chinese manufacturers did their best to create copies, or "knockoffs," of Maglula products, packaging, markings, and literature, so that they could represent to Amazon that these knockoffs were genuine Maglula products. Amazon proceeded to sell these products online as genuine Maglula products. Maglula notified Amazon on multiple occasions, to no avail, that it was selling counterfeit products of inferior quality and ruining Maglula's business.

The Court believes that Amazon's attempts to avoid liability by injecting limited issues in dispute will have minimal impact before a jury. This is simply not a case where Amazon can deflect liability, nor will Amazon be viewed favorably by a jury or the public.

Amazon, lead by its accomplished lead counsel, has aggressively—perhaps too aggressively at times—defended against the accusations in the Complaint. Amazon has identified apparent weaknesses in some of Maglula's supporting evidence, and certainly could highlight those weaknesses before a jury. The Court does not believe even the most persuasive presentation

of Amazon's evidence would make one iota of difference to a jury. The evidence of unlawful counterfeiting by these Chinese entities, who have copied Maglula's proprietary products and accompanying literature, is overwhelming. This is simply not a case where Amazon can avoid liability.

The Court is unaware of the evidence supporting specific damages claims made by Maglula and will therefore not comment on damages, but the parties should exchange damages positions immediately. Further, the Court hereby **ORDERS** the parties to engage in good faith mediation, either through Magistrate Judge Davis or a private mediator. The Court further **ORDERS** that representatives of both parties attend the mediation in person or by video link.

It is **SO ORDERED.**

May 18, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge